## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MARY BACA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | No. _____ |
| ) | **JURY DEMAND** |
| THE CHEESECAKE FACTORY ) | |
| RESTAURANTS, INC., ) | |
| ) | |
|     Defendant. ) | |

## COMPLAINT

Comes the Plaintiff, Mary Baca, and for her cause of action against the Defendant would respectfully show to the Court and Jury as follows:

### I. The Parties

1.1   The Plaintiff, Mary Baca, is a resident of Cheyenne, Laramie County, Wyoming.

1.2   The Defendant, The Cheesecake Factory Restaurants, Inc., is, upon information and belief, a foreign, for-profit corporation organized in the state of California, with its principal office at 26901 Malibu Hills Road, Calabasas Hills, California 91301, doing business in West Des Moines, Dallas County, Iowa, and may be served through its registered agent, Corporation Service Company, 505 Fifth Avenue, Suite 729, Des Moines, Iowa 50309.

### II. Jurisdiction

2.1   This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship).

### III.  Venue

3.1     Venue of this action is proper pursuant to 28 U.S.C. § 1391 in that there is diversity of citizenship between the parties and the events giving rise to this cause of action occurred in the Southern District of Iowa.

### IV.  Factual Statements

4.1     On or about July 22, 2021, Ms. Baca went to eat a meal at the Cheesecake Factory located at 101 Jordan Creek Parkway, West Des Moines, Iowa 50266.

4.2     This Cheesecake Factory restaurant is owned, occupied, and operated by the Defendant, The Cheesecake Factory Restaurants, Inc.

4.3     During the evening of July 22, 2021, one of the Defendant's employees spilled a tray of drinks onto the floor of the restaurant.

4.4     The spilled tray of drinks created a wet and slippery floor in the Defendant's restaurant.

4.5     The Defendant's employee left the spill unattended and did not have another employee guard the spill or otherwise warn customers of the wet floor.

4.6     None of the Defendant's employees warned Ms. Baca about the wet floor who was directed to go to an open table adjacent to the spill.

4.7     As Ms. Baca went to her seat, she slipped and fell due to the wet floor.

4.8     As a result of the fall, Ms. Baca suffered serious and significant injuries.

4.9     It is foreseeable that an unmarked wet floor would be a slip and fall hazard for guests and that guests who fall could become seriously injured.

4.10   The Defendant knew or should have known that there was a foreseeable likelihood that its employee's conduct would result in harm to customers who might slip on the wet floor; that the foreseeable severity of any harm caused by the wet floor and leaving the wet floor unattended; and that the precautions the Defendant could have taken with little or no burden on it to reduce or eliminate the risk of harm to others including Ms. Baca.

4.11   In the event the Defendant's conduct in creating a wet floor and/or allowing that wet floor to be left unattended is repeated, it is more likely that the type of harm suffered by Ms. Baca would be suffered by another person.

4.12   The wet floor which caused Ms. Baca's injuries was unsafe and unreasonably dangerous posing an unreasonable risk of injury to Ms. Baca and other customers because it was unmarked and difficult to perceive and would constitute a risk of harm to customers even if the customers were aware of the wet floor.

4.13   Prior to Ms. Baca being injured by the wet floor, the Defendant and its employees and/or agents were actually aware of the presence of the wet floor.

4.14   The Defendant, likewise, should have been aware of the wet floor because the Defendant, through its employees or agents, had created the condition.

4.15   Prior to Ms. Baca being injured, the Defendant had not cleaned up the wet floor or provided any warning or guard for Ms. Baca or its other customers.

4.16   Ms. Baca was not aware of the wet floor and had no reason to expect that the floor would be wet.

4.17   The Defendant knew or should have known that Ms. Baca was not aware of the wet floor and would not discover the unmarked wet floor preventing her from protecting herself against the wet floor causing her to slip and fall.

4.18   Ms. Baca was keeping a proper looking and was otherwise acting in a reasonable and prudent manner by walking in a careful manner.

4.19   Ms. Baca did not do anything or fail to do anything which caused or contributed to her injuries in any way.

4.20   Walkway safety standards, such as ASTM 1637 - Standard Practice for Safe Walking Surfaces, require walkways to be slip resistant when wet or be maintained dry during periods of pedestrian use if not slip resistant when wet.

4.21   The Defendant was not in compliance with these walkway safety standards because its floor was not slip resistant when wet and was not maintained dry while customers were using it.

## COUNT I

5.1   The Defendant owed Ms. Baca a duty to exercise reasonable care to maintain its property for the protection of Ms. Baca and other customers; a duty not to create unsafe or unreasonably dangerous conditions; a duty to take corrective measures to remove or repair unsafe or unreasonably dangerous conditions which can be remedied; and a duty to give proper warnings of or guards against unsafe or unreasonably dangerous conditions which cannot be remedied.

5.2   The Defendant, breached the above-listed duties to Ms. Baca, in the following ways:

   a.   The Defendant failed to maintain its property in a safe condition free of unreasonably dangerous conditions, specifically the unmarked wet floor which caused Ms. Baca's injuries;

   b.  The Defendant created an unsafe condition by one of its employees spilling a tray of drinks in a walkway which created a pedestrian slip hazard;

   c.  The Defendant failed to remove the unsafe and unreasonably dangerous condition by drying the wet floor or placing a guard around the wet floor to prevent pedestrians from entering the area; and

   d.  The Defendant failed to give Ms. Baca and others any warning of the unsafe and unreasonably dangerous condition created by the wet floor by leaving the spill unattended and unmarked.

  5.3  The breach by the Defendant was the cause in fact and proximate cause of the damages and injuries Ms. Baca received and constitutes negligence on the part of the Defendant.

  5.4  As a direct and proximate result of the negligence of the Defendant the Plaintiff suffered significant physical, emotional, and economic damages more fully described later in this complaint.

## COUNT II

  6.1  This count reserved for future amendments if necessary.

## DAMAGES

  7.1  As a direct and proximate result of the Defendant's negligence, Ms. Baca suffered substantial emotional, physical, and economic injuries.

7.2    As a direct and proximate result of the Defendant's negligence, Ms. Baca has incurred substantial medical expenses for treatment of her injuries and may require future medical treatment and incur additional medical expenses in the future.

7.3    As a direct and proximate result of the Defendant's negligence, Ms. Baca suffered physical and mental pain and suffering, has suffered a loss of function of both her body and mind, lost some of her ability to perform her usual activities, and lost some of her capacity to enjoy the pleasures of life.

7.4    As a direct and proximate result of the Defendant's negligence, Ms. Baca incurred a loss of income and may have suffered a substantial loss to her capacity for earning income in the future.

7.5    As a direct and proximate result of the Defendant's negligence, Ms. Baca has suffered a permanent injury.

**WHEREFORE, AND IN CONSIDERATION OF THE ABOVE, THE PLAINTIFF PRAYS:**

1.    That proper process issue and be served upon the Defendant, requiring it to answer this Complaint within the time required by law;

2.    That the Plaintiff be awarded a judgment against the Defendant in an amount to be determined by the trier of fact to compensate the Plaintiff for her physical and mental pain and suffering, any permanent injury and/or disfigurement, loss of function of her mind and body, loss of her capacity for the enjoyment of life, the cost of the Plaintiff's past and future medical care services, any loss of wages and/or earning capacity, pre- and post judgment interest, and the costs and discretionary costs in this cause;

3.  That this cause be tried by a jury; and,

4.  That the Plaintiff have such other, further, and general relief as to which she is entitled.

                Respectfully submitted,

                MELCHIOR LAW FIRM, P.C.

BY: /s/ D. Stephen Melchoir
                D. Stephen Melchior, Wyoming Bar No. 5-2885
                *Pro Hac Vice* Application Pending
2010 Warren Avenue
Cheyenne, WY 82001
307/ 637-2323
steve@melchlaw.com

MOSELEY & MOSELEY
ATTORNEYS AT LAW

BY: /s/ James Bryan Moseley
                James Bryan Moseley, Tenn. Bar No. 021236
                *Pro Hac Vice* Application Pending
237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
615/ 254-0140
Fax:  615/ 244-2270
bryan.moseley@moseleylawfirm.com

THE JAMES LAW FIRM, P.C.

BY: /s/ Frederick W James
                Frederick W. James, AT0003925
2600 Grand Avenue, Suite 213
Des Moines, IA 50312
515/ 246-8484
Fax: 515/ 246-8767
frederick@jameslawfirm.com

*Attorneys for Plaintiff*